## BURTON TOWNSHIP v. SPECK.

1. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT.

   Fraudulent concealment, to effect tolling of the general statute of limitations as to personal actions, requires the employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action, and the acts relied on must be of an affirmative character and fraudulent (CLS 1961, §§ 600.5813, 600.5855).

2. SAME — FRAUDULENT CONCEALMENT — TOWNSHIP OFFICERS — MINUTES OF MEETINGS—INSPECTION—PUBLIC RECORD.

   Fraudulent concealment by present and former township board members, defendants in action brought by newly-elected supervisor to recover alleged illegal salaries and expense allowances paid them during a period more than 6 years prior to commencement of action, *held*, not established so as to toll statute of limitations, where the activities of the annual meetings of electors authorizing employment of township board members as commissioners and activities of the township board of which complaint was made were matters of public record appearing in the official minutes of the township board meeting and in the minutes of the annual meetings of the electors, which minutes were kept at the township office, were available for inspection by any citizen, and the minutes of the previous meeting were read at the township board and annual meetings that were open to the general public (CLS 1961, §§ 600.5813, 600.5855).

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  34 Am Jur, Limitation of Actions §§ 230–234.
[4]  37 Am Jur, Municipal Corporations §§ 111, 112.
[5]  52 Am Jur, Towns and Townships §§ 9, 24 *et seq.*
[6, 7]  52 Am Jur, Towns and Townships § 18.
[8]  5 Am Jur 2d, Appeal and Error § 1009.

3. Same—Township Officers—Evidence of Fraudulent Conceal-
ment.
  The statute of limitations tolled claims of plaintiff township,
  by its newly-elected supervisor against present and former
  township board members on all actions set forth in the com-
  plaint which occurred prior to 6 years previous to commence-
  ment of the action, where there is no evidence presented in
  the record to show employment of artifice planned to prevent
  inquiry or escape investigation and to mislead or hinder ac-
  quirement of information disclosing a right of action (CLS
  1961, §§ 600.5813, 600.5855).

4. Municipal Corporations—Express, Implied, Incidental, and
Essential Powers.
  A municipal corporation can exercise no powers except such as
  are granted by express words, or such as are fairly implied
  in, incident to those expressly granted, or such as are essential
  to the declared objects or purposes of the corporation.

5. Townships—Incidental and Essential Powers—Creation of
Offices of Commissioners.
  The creation of the offices of township commissioner of fire, com-
  missioner of police, commissioner of buildings, parks, and
  grounds, and commissioner of building inspection, zoning
  regulation, and enforcement, although not explicitly au-
  thorized by statute relate to functions essential to the effec-
  tive management of township affairs and are incident to the
  legislative grant of power to township inhabitants to make
  orders and bylaws for "directing and managing the pru-
  dential affairs of the township, as they shall judge most
  conducive to the peace, welfare, and good order" of the
  township (CL 1948, § 41.4).

6. Same—Statutes—Powers of Township Boards—Overreaching.
  The statute empowering the township board to audit and allow
  such compensation to township officers for services rendered
  to townships not otherwise provided by law as the board
  shall deem reasonable vests a wide latitude in such boards,
  not only to decide what services are compensable, but also
  to decide the amount of compensation, and if overreaching
  is invited by such latitude, such is a matter for legislative,
  not judicial, action (CL 1948, § 41.96).

7. Same—Trustees—Commissioners—Statutes.
  Action of township trustees in determining their appointment
  and salaries as township commissioners held, within wide

latitude accorded township board pursuant to authority conferred at annual meetings of electors (CL 1948, § 41.96).

8. COSTS—PUBLIC QUESTION—TOWNSHIP BOARD—INCOMPATIBLE OFFICES.

No costs are allowed in action by township, by its newly-elected supervisor, against present and former members of township board to recover salaries alleged to have been paid illegally and for services rendered by members of the board appointed to offices alleged to be incompatible, a public question being involved.

Appeal from Genesee; McGregor (Louis D.), J. Submitted Division 2 April 7, 1965, at Detroit. (Docket No. 131.)   Decided September 20, 1965. Leave to appeal granted by Supreme Court November 23, 1965.

Complaint by Burton Township, Genesee County, by Joseph E. Uvick, legal agent, against John L. Speck, Paul A. Rauch, Joseph P. Richvalsky, Stephen Dodge, Herbert Winstanley, Inez McPhee, and Jack Keene to recover funds allegedly misappropriated by defendants, former or present township officers. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Joseph P. Uvick (Harold Goodman,* of counsel), for plaintiff.

*Milliken & Magee,* for defendants.

J. H. GILLIS, J.   Joseph E. Uvick, newly-elected supervisor of Burton township, Genesee county, brought suit in circuit court in his capacity as legal agent of the township to recover approximately $78,000 alleged to have been misappropriated by the defendants who are present or former township officers.   The seven defendants, who held elective office for various lengths of time, constituted the Burton township board shortly before this action was filed on July 1, 1963.

The complaint alleged the following:

(1) Defendants voted and paid themselves advance, fixed expense allowances contrary to CL 1948, § 41.75 (Stat Ann 1961 Rev § 5.67) from April, 1946, to April, 1957.

(2) Defendants voted and paid an illegal salary to the township treasurer, John L. Speck, from January, 1946, to March, 1957, and prior to April, 1959, when Burton township adopted the statutory option placing the treasurer on a salary in lieu of fees. CL 1948, §§ 211.44, 211.44a (Stat Ann 1949 Cum Supp §§ 7.87, 7.88), as amended.[1]

(3) Defendants created four commissionerships and appointed the trustee-defendants commissioners of police; fire; buildings, parks and grounds; and building inspection, zoning regulation and enforcement, and paid them salaries. Plaintiff contends that the office of commissioner is incompatible with the office of trustee and that the trustees are liable for the salaries paid them as commissioners.

At the conclusion of plaintiff's case the court granted defendants' motion for summary judgment,[2] ruling that the six-year statute of limitations[3] had run as to the alleged acts of misappropriation set forth above in claims (1) and (2) and occurring prior to July 1, 1957. The trial court found that there was no incompatibility of office and accordingly granted summary judgment as to the third claim of misappropriation.

Plaintiff attempts to establish that the factual situation in this case comes within the provision of the revised judicature act which tolls the running of the statute of limitations for fraudulent concealment. Revised judicature act, PA 1961, No 236

[1] CL 1948, § 211.44 was amended by PA 1951, No 85, and by PA 1952, No 251.—REPORTER.
[2] See GCR 1963, 116.1(5).—REPORTER.
[3] See CLS 1961, § 600.5813 (Stat Ann 1962 Rev § 27A.5813).—REPORTER.

(CLS 1961, § 600.5855 [Stat Ann 1962 Rev § 27A-
.5855]). He argues that the statute of limitations
is suspended "where from the character of the office
or the nature of the act, the defendants cause a
prosecution for redress to be delayed" and that
"there must be a disinterested board or supervisor,
with official knowledge of the defalcation before the
statute of limitations may become operative." He
contends that it was not until he was elected super-
visor in 1963 that the above condition existed.

The settled meaning of fraudulent concealment in
Michigan is:

"Employment of artifice, planned to prevent in-
quiry or escape investigation, and mislead or hinder
acquirement of information disclosing a right of
action. The acts relied on must be of an affirmative
character and fraudulent." *De Haan* v. *Winter*
(1932), 258 Mich 293, 296.

The record discloses that the activities of the
township board were a matter of public record. The
facts relating to the appointment of commissioners,
expense allowances, and salaries appear in the official
minutes of the township board meetings and in the
minutes of the annual meetings of electors. The
minutes were kept at the township office and were
available for inspection by any citizen. Township
and annual meetings were open to the general public
and minutes of the previous meeting were read at
these meetings.

There is no evidence presented in the record be-
fore this Court to show the employment of artifice
planned to prevent inquiry or escape investigation
and to mislead or hinder acquirement of information
disclosing a right of action. The statute of limita-
tions tolled the claims of the plaintiff on all actions
set forth in the complaint which occurred prior to
July 1, 1957,

Even though there is no explicit statutory authorization for creating the office of commissioner, such authority can fairly be implied from the general grant of authority to township inhabitants to make orders and by-laws for "directing and managing the prudential affairs of the township, as they shall judge most conducive to the peace, welfare and good order thereof." CL 1948, § 41.4 (Stat Ann 1961 Rev § 5.4). As was said in reference to the powers of municipal corporations in *Attorney General, ex rel. Bissell*, v. *Burrell* (1875), 31 Mich 25, 30:

"They can exercise no powers except such as are granted by express words, or such as are fairly implied in, or *incident* to those expressly granted, or such as are *essential* to the declared objects or purposes of the corporation." (Emphasis in the original).

The record shows that at the 1957, 1959, and 1961 annual township meetings, attended by both the board members and the general public, motions were carried, authorizing the supervisor to appoint four commissioners at a salary which varied from year to year, subject to confirmation by the township board. It was the custom then to appoint the commissioners at the next board meeting.

In 1963 at the annual township meeting a resolution was offered and passed that the township board employ four special commissioners at a fixed salary of $175 per month. At the same meeting a resolution was then proposed, which passed, appointing two of the defendant-trustees commissioners.

The possibility of incompatibility arises from the fact that the trustees determined their appointment and salary as commissioners.

For example, at the April 12, 1955 regular board meeting, defendant-trustees Rauch, Dodge, and Richvalsky, *inter alia,* were appointed commissioners.

The supervisor recommended that their salaries be set at $100 per month and expenses at $25 per month. Defendant Rauch moved that the recommendation be followed and all three trustees voted upon the motion.

At the April 9, 1957, regular board meeting, Dodge seconded a motion to accept a recommendation that he be appointed to a commission. At the same meeting Dodge moved that commission salaries, including his own, be set at $125 and expenses at $10 per meeting and voted in favor of the motion.

In 1959 at the regular April board meeting, defendant Rauch seconded a motion to approve the appointment of himself, Dodge and Richvalsky to commissionerships and to set compensation at $150 per month.

The vice of a public officer passing upon his own claim for compensation is clear. See *People, ex rel. Johnson,* v. *Coffey* (1927), 237 Mich 591. However, we are confronted with CL 1948, § 41.96 (Stat Ann 1961 Rev § 5.83) which provides:

"For services not otherwise provided for by law, rendered to townships by township officers in the duties of their respective offices, the township board shall audit and allow such compensation as they shall deem reasonable."

This statute vests wide latitude in township boards, not only to decide what services are compensable, but also to decide the amount of compensation. This latitude might invite overreaching on the part of township officials. Nonetheless, judging the wisdom of legislation is not our duty. *McKibbin* v. *Corporations & Securities Commission* (1963), 369 Mich 69, 81. In view of this latitude, the action of the Burton township trustees in deter-

mining their appointment and salaries as commissioners is tolerable.

Judgment affirmed. No costs, a public question is involved.

WATTS, P. J., and QUINN, J., concurred.