BANNER LUMBER COMPANY *v.* ALGER HOMES, INC.

1. LIMITATION OF ACTIONS—TOLLING—CAUSE OF ACTION CONCEALED.
   The statute of limitations is tolled where the cause of action is fraudulently concealed by the defendant.

2. LIMITATION OF ACTIONS—TOLLING—DEFENDANT'S ASSETS CONCEALED—KNOWLEDGE OF CAUSE OF ACTION.
   The statute of limitations is not tolled by the defendants' concealing assets, thereby causing plaintiff to believe a judgment would be worthless, where the cause of action is known to the plaintiff.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 November 23, 1971, at Detroit. (Docket No. 12215.) Decided December 8, 1971.

Complaint by Banner Lumber Company against Alger Homes, Inc., Lauren Construction Company, Shapiro & Munson, Inc., Michael Z. Taines, and Jack P. Munson for lumber delivered but not paid for and for exemplary damages for defrauding creditors. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Leib & Leib,* for plaintiff.

*Kratchman & Kratchman, P. C.,* for defendants Alger Homes, Inc., Lauren Construction Company, and Michael Z. Taines.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur 2d, Limitation of Actions § 147 *et seq.*

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Anthony J. Sapienza*), for defendants Shapiro & Munson, Inc., and Jack P. Munson.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

PER CURIAM. Banner Lumber Company delivered lumber to defendant building companies in 1959. Banner failed to press its claim against these companies upon being informed in May, 1960 that both Alger Homes, Inc., and Lauren Construction Co. had ceased doing business and had no assets. Upon being informed in January, 1970 by this Court's opinion in *Taines* v *Munson,* 19 Mich App 29 (1969), that a one-half interest in a valuable property had been conveyed to Shapiro & Munson, Inc., by Michael Z. Taines, owner of Alger Homes, Inc., and Lauren Construction, on December 21, 1959, for far less than the real value of the property, plaintiff filed a complaint against these defendants for the value of the lumber and for exemplary damages, claiming that the conveyance to Shapiro & Munson, Inc., was a fraud upon creditors. See *Taines* v *Munson, supra,* for the factual background in that case.

Defendants filed motions for accelerated judgments for the reason that plaintiff's cause of action was barred by the statute of limitations, MCLA 600.5813; MSA 27A.5813. Plaintiff answered, arguing that its cause of action was preserved by MCLA 600.5855; MSA 27A.5855 because of defendants' alleged fraudulent concealment of the 1959 conveyance. Oakland County Circuit Judge Robert L. Templin granted accelerated judgments of dismissal

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

as to all defendants on October 7, 1970, and June 30, 1971. Plaintiff has appealed and defendants Alger Homes, Inc., Lauren Construction Company, and Michael Z. Taines have filed the motion to affirm.

In its brief on appeal Banner Lumber Company argues that under the above cited statutes, specifically MCLA 600.5855; MSA 27A.5855, that it had two years following its discovery of defendants' allegedly fraudulent conveyance within which to start suit on its cause of action as a creditor of Alger Homes, Inc., and Lauren Construction.

The statute relied upon has no application to the facts of this case. Here, taking the facts in a light most favorable to plaintiff, it was not the cause of action but the assets of defendant corporations which were concealed. "The language of the statute makes it apparent that the running of the statute was tolled only if defendants fraudulently concealed from plaintiffs the knowledge that they had a cause of action against him. * * * If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, * * * . It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim." *Weast* v *Duffie,* 272 Mich 534, 539 (1935).

The motion to affirm is granted.