GEORGE v CITY OF PETOSKEY

1. JUDGMENT—ACCELERATED JUDGMENT—COMPLAINT—ALLEGATIONS.

The allegations of the complaint and amendments must be taken at face value when determining whether or not an accelerated judgment was proper.

2. LIMITATION OF ACTIONS—CONTINUING WRONGFUL ACTS.

Recovery is not barred by the statute of limitations where there are continuing wrongful acts within the period limited by statute.

3. LIMITATION OF ACTIONS—INTERFERENCE WITH ENJOYMENT OF PROP-ERTY—HARASSMENT—NEW ACTS.

In an action to recover damages based upon a defendant city's improper interference with plaintiffs' enjoyment of their property and defendant's intentional discrimination and harass-ment of plaintiffs, the statute of limitations began to run when the defendant city dropped the legal proceedings it had brought against plaintiffs and their tenants where it was alleged that the suit constituted another act of harassment and an attempt to deprive plaintiffs of their rightful enjoyment of their prop-erty.

4. LIMITATION OF ACTIONS—FINANCIAL EXPECTATIONS—OWNERSHIP OF PROPERTY—INJURIES TO PERSONS OR PROPERTY—EXPRESS OR IMPLIED CONTRACT.

An action is governed by the general six-year statute of limita-tions where plaintiffs are seeking damages to their financial expectations and economic benefit which they had a right to expect from the ownership of their property, and not for injuries to persons or property or upon an express or implied contract (MCLA 600.5805[7], 600.5807[8], 600.5813).

Appeal from Emmett, R. Stuart Hoffius, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments §§ 1080–1213.
[2] 51 Am Jur 2d, Limitation of Actions §§ 121, 138 et seq.
[3, 4] 51 Am Jur 2d, Limitation of Actions § 84 et seq.

mitted Division 3 June 7, 1974, at Grand Rapids. (Docket No. 17833.) Decided September 11, 1974.

Complaint by Arthur D. George and Margaret L. George against the City of Petoskey for damages from defendant's interference with plaintiffs' enjoyment of their property. Accelerated judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Richard H. Scholl,* for plaintiffs.

*Nathaniel W. Stroup,* City Attorney, for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. On October 12, 1972, plaintiffs commenced suit by filing a two-count complaint against defendant. Count I alleged the defendant and its agents improperly interfered with plaintiffs' enjoyment of their property, in that various city officials threatened potential renters of plaintiffs' property that their use of the property would be in violation of zoning regulations, and that suit would be (and in fact was) instituted against them if they rented from plaintiffs. Plaintiffs allege special damages.

Count II repeated the allegations of Count I and added that defendant's agents and officials had intentionally discriminated against and harassed plaintiffs.

On motion for accelerated judgment on the ground that the statute of limitations had run, the trial court dismissed both counts. For the purpose

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of determining whether or not accelerated judgment was proper under the circumstances, the allegations of the complaint and amendments thereto must be taken at face value. *Janiszewski v Behrmann,* 345 Mich 8; 75 NW2d 77 (1956).

Plaintiffs allege in Count I that commencing in 1962 defendant's city manager and city attorney threatened suit against their prospective tenants, enumerating five instances of such intimidations, two of which resulted in loss of tenants, one in which there was a compromise worked out between attorneys representing these parties, and two instances where suit was commenced. Suit was commenced by defendant city on January 9, 1968, against plaintiffs and their tenant Smutz, as a result of which Smutz moved out. A subsequent tenant, Bourrie, was added as a party defendant in February, 1970. This suit resulted in a judgment for the Georges, an appeal by the city to the Court of Appeals, and a dismissal for lack of progress of the appeal on October 6, 1971, six days previous to the filing of this suit. In addition to these allegations plaintiffs assert in a bill of particulars to Count II that the building involved in this litigation was sold on May 2, 1973, for delinquency in a sewer assessment which plaintiffs claim had been levied against them as part of the harassment, and further that the city attorney allowed a falsification of council minutes in July, 1971, involving plaintiffs' request for lost rentals.

In the face of these allegations the trial court stated:

"It is clear that the statute of limitations has run on whatever type of action might be claimed that Mr. George was instituting. A libel and slander action is one year under the statute of limitations, a malicious prosecution action has a statute of limitations of two years,

and a tort action three years. There is no way in which this could be termed anything in the contract line, which would have a statute of limitations of six years. It is apparent from all of the allegations that all of the actions are barred by the statute of limitations, whether it be one year, two years, or three years, since the date of the starting of the suit was October 13, 1971, and none of the details of the bill of particulars relate to any action, anything between October 13, 1968 and October 13, 1971."

Three sections of the Michigan statutes are relevant to the issue before us. They are:

MCLA 600.5805(7); MSA 27A.5805(7):

"The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

MCLA 600.5807(8); MSA 27A.5807(8):

"The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

MCLA 600.5813; MSA 27A.5813:

"All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

Plaintiffs contend that defendant city pursued their course of conduct against them and their tenants from 1962 until it abandoned its appeal on October 6, 1971, and that the addition of their tenant Bourrie as a defendant in that suit constituted another act of harassment and attempt to deprive them of their rightful enjoyment of their property. A reading of both Counts I and II leads us to the conclusion that the trial judge erred in determining that there was an absence of any alleged wrongful act within the period limited by

the statute, assuming that the trial court was right in holding that no more than the three-year statute of limitations was applicable.

"Where there are continuing wrongful acts within the period limited by the statute * * * recovery is not barred." *Defnet v Detroit,* 327 Mich 254, 258; 41 NW2d 539, 541 (1950).

Applied to the situation before us, that would mean the statute of limitations, whether three years (§ 5805[7]) or six years (§ 5807[8], § 5813), began to run when defendant city dropped the legal proceedings it had brought against plaintiffs and their tenants on October 6, 1971.

We proceed to discuss which of the above statutes is applicable to the pleadings in this case. Neither Count I or Count II seek damages for injuries to persons or property. Neither count is based upon a contractual agreement, express or implied. It is clear that the damages which plaintiffs are seeking are for damages to their financial expectations and economic benefit which they had a right to expect from the ownership of their property. *Schenburn v Lehner Associates, Inc,* 22 Mich App 534; 177 NW2d 699 (1970); *Case v Goren,* 43 Mich App 673; 204 NW2d 767 (1972), and *Sweet v Shreve,* 262 Mich 432; 247 NW 711 (1933).

The process of elimination leads us to the conclusion that the general statute of limitations (§ 5813) applies to the allegations in the complaint before us. We express no opinion as to whether plaintiffs have alleged valid causes of action or whether defendant is entitled to any defenses thereto.

Accelerated judgment for defendant reversed. Remanded to the trial court for further proceedings. Costs to plaintiffs.

All concurred.