## LEMSON v GENERAL MOTORS CORPORATION

1. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT—KNOWLEDGE —STATUTES.

   Fraudulent concealment is the affirmative and fraudulent employment of artifice planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action; if a party knows that a cause of action exists in his favor, there can be no fraudulent concealment which will postpone the operation of the statute of limitations (MCLA 600.5805[7], 600.5855; MSA 27A.5805[7], 27A.5855).

2. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT—PLEADING— STATUTES.

   The statute which provides a special limitations period for claims wherein there has been fraudulent concealment is not applicable in a case where the plaintiff failed to plead any facts showing a fraudulent concealment of the existence of the claim by the defendants and where the pleadings themselves indicate that the plaintiff was aware that he had a cause of action (MCLA 600.5855; MSA 27A.5855).

Appeal from Allegan, George R. Corsiglia, J. Submitted November 10, 1975, at Detroit. (Docket No. 23405.) Decided December 3, 1975. Leave to appeal denied, 396 Mich 851.

Complaint by Steven Lemson against General Motors Corporation, Edward N. Cole, and Frank J. Winchell for damages for injuries resulting from an automobile accident. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Philo, Maki, Cockrel, Robb, Spearman & Cooper,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 146–152.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *W. P. Cooney* and *Jeannette A. Paskin),* for General Motors Corporation.

*Nathan B. Goodnow* for Edmund N. Cole.

*Donald E. Shely* for Frank J. Winchell.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

DANHOF, P. J. The complaint in this matter was filed by the plaintiff on August 20, 1974 for injuries arising out of a single-car accident which occurred on August 28, 1967. The trial court granted the defendants' motion for accelerated judgment in an opinion filed January 24, 1975. We affirm.

The plaintiff was born August 25, 1952. He was 15 years old at the time of the accident.

The plaintiff alleged he was injured while he was a passenger in a 1962 Chevrolet Corvair. Count four of his complaint further alleged that the defendants knew the Corvair automobile had a tendency to roll over, but the defendants deliberately assured the public that there was adequate passenger protection. The plaintiff also alleged the following:

"9. Defendants, and each of them, have continued to make additional affirmative misrepresentations with respect to the stability, rollover and passenger protection characteristics of Corvair automobiles on various occasions subsequent to plaintiff's injury, and have deliberately concealed extensive data demonstrating the true facts.

"10. Said misrepresentations have and have had the effect of concealing from plaintiff material facts relative to defendants' joint and several liability for plaintiff's

injuries and have made it impossible for plaintiff to discover said facts."

The issue raised on appeal is whether the trial court correctly determined that the plaintiff's claim was barred by the statute of limitations.

The statute of limitations for a person not under a disability is three years. MCLA 600.5805(7); MSA 27A.5805(7). The applicable statute of limitations for infants is MCLA 600.5851; MSA 27A.5851, which reads in relevant part:

"(1) If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

\* \* \*

"(6) With respect to a claim accruing before the effective date of Act No. 79 of the Public Acts of 1971, being sections 722.51 to 722.55 of the Compiled Laws of 1948, disability of infancy shall be considered removed as of the effective date of Act No. 79 as to persons who were at least 18 years of age but less than 21 years of age on January 1, 1972 and shall be considered removed as of the eighteenth birthday of a person who was under 18 years of age on January 1, 1972."

However, the Legislature has provided a statute of limitations where fraudulent concealment is involved. MCLA 600.5855; MSA 27A.5855 states:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the

action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

Being between the ages of 18 and 21 on January 1, 1972, the plaintiff had one year in which to bring an action. Therefore, unless the statute relating to fraudulent concealment is applicable, the present claim is barred by the statute of limitations.

*De Haan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932), defined fraudulent concealment:

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

The Supreme Court in *Weast v Duffie,* 272 Mich 534, 539; 262 NW 401 (1935), also adopted the following rule as to fraudulent concealment:

" 'The fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action. If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know, pursuant to the rule hereinbefore stated (*i.e.,* by the exercise of ordinary diligence).

" 'It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim.' "

The case law indicates these rules are not limited to malpractice claims. See *e.g., Burton Township v Speck,* 1 Mich App 339, 343; 136 NW2d 731 (1965), *aff'd,* 378 Mich 213, 230; 144 NW2d 347 (1966), and *Banner Lumber Co v Alger Homes, Inc,* 37 Mich App 434, 436; 194 NW2d 915 (1971), respectively.

Assuming for purposes of this motion that the plaintiff's allegations are true, the present complaint fails to plead facts showing a fraudulent concealment of the existence of the claim by the defendants. The defendants were entitled to publicly defend their product. It is contradictory to argue the notoriety of the controversy over the stability of the Corvair automobile served to conceal the plaintiff's claim. Further, if any facts were concealed in the present case, it is apparent that those facts related to proving the plaintiff's claim, not revealing its existence. While the plaintiff still did not have the facts alluded to in his complaint, the pleadings themselves indicate he was aware he had a cause of action. The plaintiff has not pled one fact showing an effort on his part to investigate the cause of his injuries nor has he alleged one instance in which the defendants had sought to hinder any such investigation. Thus, it was the plaintiff's own fault that he did not use the means provided by law to determine the details of why the automobile rolled over. Upon reading the present complaint in light of the above case law, it is concluded the statute dealing with fraudulent concealment, MCLA 600.5855; MSA 27A.5855, is not applicable to the facts of this case.

Accordingly, the trial court correctly granted the defendants' motion for accelerated judgment for the reason that the plaintiff's claim was barred by the statute of limitations. GCR 1963, 116.1(5).

Affirmed. Costs to defendants.