ARENT v HATCH

Docket No. 64136. Submitted February 8, 1984, at Lansing.—Decided April 16, 1984. Leave to appeal applied for.

Vincent M. Arent brought an action against Stephen J. Hatch alleging invasion of privacy by placing plaintiff in a false light and defamation by having forged plaintiff's signature on checks involved in a criminal conspiracy undertaken by defendant and others. Defendant had forged plaintiff's signature on September 26, 1974, and engaged in transations which resulted in plaintiff's indictment by a grand jury in March, 1979. Plaintiff contends that the indictment was the first time he had notice of defendant's actions. The charges against plaintiff were eventually dismissed, and he brought the present action on April 7, 1981. The Ingham Circuit Court, Ray C. Hotchkiss, J., granted defendant's motion for accelerated judgment, holding that the claims were barred by statutes of limitation and that the running of the limitation period had not been tolled by fraudulent concealment, because plaintiff's claim accrued in September of 1974 and plaintiff should have been put on notice when he was indicted in March, 1979. Plaintiff filed a motion for reconsideration, offering proofs showing that he was not aware of the checks which were the basis of his indictment until his preliminary examination on October 30, 1979. The motion for reconsideration was denied, and plaintiff appealed. *Held:*

1. A cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint. When the checks were negotiated in 1974, the signatures were not known by third persons to be forgeries nor had defendant's criminal actions been exposed. Thus, not all of the elements of the cause of action for invasion of privacy had occurred until the March, 1979, indictment. Therefore, plaintiff's claim for invasion of privacy was not barred by the three-year limitation of MCL 600.5805(8).

2. Plaintiff failed to allege any facts supporting his claim of

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 51 Am Jur 2d, Limitation of Actions § 135.
[3] 51 Am Jur 2d, Limitation of Actions §§ 147, 476.

fraudulent concealment and, even if he had, he should have been put on notice of defendant's actions in March, 1979. The claim of defamation was thus barred by the one-year limitation on such actions of MCL 600.5805(7). Furthermore, even if fraudulent concealment were to be shown it would only have tolled the statute until March, 1979, and the defamation claim was barred by the two-year limitation provided by MCL 600.5855 in cases involving fraudulent concealment.

Affirmed in part, reversed in part.

1. JUDGMENTS — ACCELERATED JUDGMENT.

A court must accept as true all well-pled allegations and construe them most favorably to the plaintiff when considering a motion for accelerated judgment (GCR 1963, 116).

2. LIMITATION OF ACTIONS — TORTS — ACCRUAL OF CAUSE OF ACTION.

The period of limitation for an action for damages arising out of tortious injury to a person begins to run when the claim accrues; that is, when all the elements of the cause of action have occurred and can be alleged in a proper complaint (MCL 600.5827; MSA 27A.5827).

3. TORTS — FRAUDULENT CONCEALMENT — PLEADING.

The acts or misrepresentations constituting fraudulent conceal-ment of a claim must be pled in the complaint where a plaintiff alleges fraudulent concealment in an effort to avoid a defense based on a statute of limitations.

*Karl A. H. Bohnhoff,* for plaintiff.

*Farhat, Burns, Story & Stafford, P.C.* (by *Vittorio E. Porco),* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and R. C. ANDERSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting accelerated judgment in favor of defendant pursuant to GCR 1963, 116.1(5).

On April 7, 1981, plaintiff filed suit, alleging invasion of privacy and defamation. The complaint

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged that defendant owned and operated a company which obtained investors for the syndication of real estate development projects. Defendant forged plaintiff's signature on a number of checks without plaintiff's knowledge. On September 26, 1974, defendant completed a number of deposit and withdrawal transactions involving plaintiff's forged signature, which resulted in plaintiff's indictment by an Ingham County citizens' grand jury in March, 1979. Plaintiff contended that this was the first time plaintiff had notice of defendant's actions. Plaintiff further contended that the newspapers publicized the existence of the criminal enterprise. Plaintiff maintained in Count I of his complaint that defendant's actions involved his right of privacy by placing plaintiff in a false light and, according to Count II, plaintiff was defamed in having plaintiff's name appear on checks involved in a criminal conspiracy. Although the charges were eventually dismissed, plaintiff seeks damages.

Defendant moved for accelerated judgment, pursuant to GCR 1963, 116.1(5), contending plaintiff's claims were barred by statutes of limitation. The circuit court granted defendant's motion. The circuit judge ruled that plaintiff's invasion of privacy claim was barred by the three-year limitation period of MCL 600.5805(8); MSA 27A.5805(8). Further, the circuit judge found that plaintiff's action for defamation was barred by the one-year period under MCL 600.5805(7); MSA 27A.5805(7), because the cause of action accrued in September of 1974. The circuit judge concluded that the statute of limitations was not tolled by the doctrine of fraudulent concealment because, even if defendant had concealed the cause of action, plaintiff should have been put on notice of defendant's actions when

plaintiff was indicted on March 1, 1979. The trial court held that plaintiff's own negligence precluded reliance on fraudulent concealment, which would have extended the limitation period according to MCL 600.5855; MSA 27A.5855.

Plaintiff filed a motion for reconsideration supported by plaintiff's affidavit and deposition of the county prosecutor. The affidavit stated that plaintiff was not aware of the checks which formed the basis of his indictment until October 9, 1979. In the deposition, the prosecutor indicated that the indictment charged plaintiff as a co-conspirator on seven felony charges. Plaintiff received a copy of the indictment when arraigned in circuit court on March 1, 1979. The indictment did not disclose the nature of plaintiff's involvement in the conspiracy or the existence of the forged checks. Following his arraignment, plaintiff did not exercise his right to have a preliminary examination within 12 days of his arraignment. The prosecutor explained that this may have been due in part to the difficulty in preparing the transcript of the grand jury proceeding. Had plaintiff requested a preliminary examination within 12 days of his indictment, plaintiff might have had to go forward without the benefit of the grand jury transcript. Plaintiff's attorney did not file a written motion for the grand jury transcript within ten days of plaintiff's arraignment, as required by GCR 1963, 787. The motion was filed thereafter. The prosecutor's office had an open file policy which would have permitted plaintiff's attorney to examine the prosecutor's file on plaintiff. The prosecutor could not state whether the file contained copies of the checks which formed the basis for the instant action.

At the hearing on the motion for reconsideration, plaintiff argued that he was not aware of the

basis for the indictment, *i.e.,* the checks, until the preliminary examination was conducted on October 30, 1979. It was plaintiff's contention that the evidence showed that he exercised reasonable care and diligence to discover the nature of the charges against him. Plaintiff's motion for reconsideration was denied and the motion for accelerated judgment was granted.

The standard for determining whether to grant a motion for accelerated judgment requires that all well-pled allegations be accepted as true and be construed most favorably to the plaintiff. *George v Petoskey,* 55 Mich App 433; 223 NW2d 6 (1974).

Plaintiff alleges that in September, 1974, defendant forged plaintiff's signature on certain checks and negotiated those checks in furtherance of a criminal enterprise. In Count I of plaintiff's complaint, plaintiff alleged that defendant's actions invaded the plaintiff's right of privacy by placing him in a false light in the public eye. The trial court ruled that plaintiff's claim was barred by the three-year statute of limitations, MCL 600.5805(8); MSA 27A.5805(8), because plaintiff's cause of action accrued in 1974, when plaintiff was first placed in a false light.

We first consider whether the plaintiff's action for invasion of privacy was barred by the applicable statute of limitations.

MCL 600.5827; MSA 27A.5827 provides that the period of limitation runs from the time the claim accrues. Under this statute, a claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results". In *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972), the Court construed the meaning of this language:

"In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint."

In *Beaumont v Brown,* 401 Mich 80; 257 NW2d 522 (1977), the Supreme Court gave weight to the dissent in *Hawley v Professional Credit Bureau, Inc,* 345 Mich 500, 514; 76 NW2d 835 (1956), wherein Justice TALBOT SMITH stated in part that "[t]he wrong is done when the curtain of privacy is lifted". Defendant contends that the wrong was done in the instant case when the checks were first disclosed to third persons. We disagree. At the time the checks were negotiated in 1974, the signatures were not known to be forgeries, nor had the criminal nature of defendant's action been exposed. Therefore, in 1974, not all of the elements of the cause of action had occurred. Plaintiff's cause of action accrued in March, 1979. Since plaintiff's complaint was filed in April, 1981, plaintiff's suit for invasion of privacy was not barred by the three-year statute of limitations.

Plaintiff contends that even if this Court determines that plaintiff's actions for defamation and invasion of privacy accrued in 1974, the statute of limitations was tolled under the doctrine of fraudulent concealment. MCL 600.5855; MSA 27A.5855 provides:

"Sec. 5855. If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

Plaintiff's complaint does not allege any facts setting forth fraudulent concealment. This Court has recognized a number of times that "[t]he acts or misrepresentations constituting fraudulent concealment of a claim must be pled in the complaint". *Tonegatto v Budak,* 112 Mich App 575, 584; 316 NW2d 262 (1982). See *Bromley v Citizens Ins Co of America,* 113 Mich App 131, 136; 317 NW2d 318 (1982); *Lemson v General Motors Corp,* 66 Mich App 94, 98; 238 NW2d 414 (1975).

Further, the lower court correctly determined that if defendant concealed the cause of action from plaintiff, plaintiff should have been put on notice of the wrong on March 1, 1979, when the grand jury issued their indictment. The evidence produced by plaintiff in support of his motion for rehearing simply does not support a finding that defendant concealed the cause of action. See *Draws v Levin,* 332 Mich 447, 453; 52 NW2d 180 (1952); *DeHaan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932). Therefore, at best, the statute of limitations could only be tolled under the doctrine of fraudulent concealment until March, 1979. Since plaintiff's complaint alleging defamation was not filed until April 7, 1981, the action was not commenced within the two-year period as provided under MCL 600.5855; MSA 27A.5855.

Reversed in part and affirmed in part.