*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA R. GREEN,

Plaintiff-Appellee,

UNPUBLISHED
August 13, 2019

v

No. 342373
Clinton Circuit Court
LC No. 17-011678-CD

LANSING AUTOMAKERS FEDERAL CREDIT
UNION, PATRICK SPYKE, SHARON E.
GILLISON, BRITT P. FROEMEL, JULANE
WATSON, and BETSY MCCALL,

Defendants-Appellants.

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendants, Lansing Automakers Federal Credit Union (LAFCU), Patrick Spyke, Sharon E. Gillison, Britt P. Froemel, Julane Watson, and Betsy McCall appeal by leave granted an order granting in part and denying in part their motion for summary disposition under MCR 2.116(C)(7) and (C)(8), in this employment action. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff is a former employee of LAFCU. According to her complaint, plaintiff began her employment with LAFCU in May 2002, and was the branch manager at the Dewitt location. Until January 2014, her supervisor was Diana Hilleary who retired and was replaced by Spyke. LAFCU's Senior Vice President of Human Resources was Gillison.

Plaintiff had an excellent record as an employee and community member, receiving several honors and awards as the LAFCU branch manager. In April 2013, plaintiff discovered that the son of a local union president appeared to have his checking account checks stolen, and thus, to be the victim of fraud. Plaintiff intervened and prevented the fraud. At an annual LAFCU meeting with the Board of Directors that month, plaintiff was praised for her efforts. However, after this incident, Spyke "pulled Plaintiff aside and said that she was much better off when the Board of Directors 'did not know her or like her,' which she took as an implied threat to her employment from Spyke."

-1-

According to plaintiff, beginning in April 2013, "Spyke and Gillison, acting in concert, authorized a surveillance plan directed toward Plaintiff that involved her workplace, her bathroom breaks, her home and her work computer." Video and audio recording devices were installed and monitored in plaintiff's branch—including her office, the lobby, the breakrooms, and the public restroom—by Britt Froemel, an LAFCU employee in the information services (IS) department. Telephone calls were recorded, employees were directed to monitor plaintiff, and spyware was installed on plaintiff's work computer. Branch employees, Julane Watson and Betsy McCall, were directed to conduct surveillance of plaintiff's activities, including through monitoring equipment located on their desks. Video and audio recording equipment was also placed on an outside automatic teller machine (ATM) which could record plaintiff at her former home, which was across the street. When plaintiff discovered evidence of the surveillance, Froemel removed the evidence from computers, including over 500 video frames.

In March 2014, plaintiff notified Spyke and Gillison of the inappropriate activities of Froemel, Watson, and McCall, and requested an investigation. Plaintiff was ordered to stop concerning herself with their actions. In April 2014, two different employees of the IS department advised Gillison and Spyke that there were significant issues with the phone system at the branch and that the computer system had been hacked by Froemel. In June 2014, as plaintiff was in the process of gathering evidence from her computer that proved phone tampering and surveillance, Froemel was alerted and immediately de-authorized her computer. In August 2014, plaintiff noticed that Watson, McCall, and Froemel were tampering with LAFCU member accounts and wrongfully attributing the transactions to plaintiff. Plaintiff reported these actions to Gillison, and gave Gillison evidence that plaintiff had gathered. On August 11, 2014, plaintiff was placed on a 30-day paid suspension "ostensibly for insubordination" related to plaintiff previously questioning Watson about the surveillance camera equipment at her desk.

In September 2014, LAFCU conducted an audit. Christina Wearsch, the internal auditor, met with plaintiff at her home to discuss plaintiff's allegations. According to plaintiff, the following day Board Chairman Harold Foster and Gillison removed Wearsch from the "investigation" and advised her to have no further contact with plaintiff. Apparently, shortly thereafter, Wearsch was no longer employed at LAFCU. Moreover, Board Chairman Foster refused to further investigate plaintiff's allegations and refused to allow plaintiff to meet with the Board. On September 12, 2014, plaintiff was terminated from her employment "for making 'accusatory allegations' and for confronting two of the staff at the Dewitt branch."

Plaintiff filed her complaint on September 8, 2017. In Count I, plaintiff asserts a claim of unlawful employer retaliation in violation of MCL 37.2701(a) of the Elliott-Larsen Civil Rights Act (CRA), MCL 37.2101 et seq. Plaintiff alleges that beginning in September 2013, she complained to Gillison about discriminatory treatment by Watson, McCall, and Froemel because of her gender. LAFCU, through Spyke, knew about the discriminatory treatment. Plaintiff alleges that instead of investigating these complaints, "Gillison and Spyke retaliated by authorizing continued harassment by the perpetrators," including by authorizing the extensive surveillance described above. Plaintiff alleges that her 30-day suspension, as well as termination, was in retaliation for the complaints she made about the violations of her civil rights.

In Count II, plaintiff alleges that she was subjected to a hostile work environment in violation of MCL 37.2202(1)(a) of the CRA. In this count, plaintiff alleges that throughout "the last two years of" her employment, beginning with Spyke's promotion, she "experienced continuous, ongoing, and repeatedly unwelcome discriminatory treatment" from Gillison, Spyke, Froemel, Watson, and McCall "in regards to her gender." She alleges that, despite her high achievements, she was treated differently than other similarly situated male employees and despite her several complaints to LAFCU, Gillison, and Spyke, no corrective action was taken.

In Count III, plaintiff alleges an invasion of privacy, unlawful intrusion claim. Plaintiff alleges that a two-way mirror was installed in the public restroom, and there was photographic evidence of someone who looked like Watson peering through it. Further, Gillison and Spyke gave Froemel the authority to install extensive surveillance equipment on plaintiff's phone and computer (where her personal emails and medical records were stored), as well as in the workplace where she had a reasonable expectation of privacy.

The remaining counts of the complaint (Counts IV-VIII) are titled: "Multiple Criminal Acts-Public Policy Tort," "Intentional Infliction of Emotional Distress," "Defamation of Character," "Bullard-Plawecki Right to Know Act, MCL 423.501," and "Damages[.]" Because the trial court granted summary disposition with regard to all of these counts except the count for damages, and plaintiff did not file a cross-appeal challenging that decision, we need not further discuss these claims.

On November 22, 2017, defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8). Defendants argued that a majority of plaintiff's claims were barred by the applicable limitations periods, and the others failed to state a claim upon which relief could be granted; thus, defendants were entitled to summary disposition. In particular, defendants argued that the statute of limitations for the claimed incidents of retaliation, harassment, and invasion of privacy, i.e., Counts I, II, and III, was three years under MCL 600.5805(10). And a claim accrues at the time the wrong was done under MCL 600.5827, which means that plaintiff had to file her legal action within three years of each claimed adverse employment act. Plaintiff filed this legal action on September 8, 2017. Accordingly, only claims arising from plaintiff's termination on September 12, 2014 fell within the three-year limitation period and were actionable. Her suspension in August 2014, and the purported surveillance of her activities that formed a basis for her retaliation, discrimination, and invasion of privacy claims, all occurred outside of the limitations period—*before* September 8, 2014—and were not actionable, i.e., they were time-barred. Thus, defendants argued, they were entitled to partial summary disposition of Count I, as to claims unrelated to plaintiff's termination, and they were entitled to summary disposition of Counts II and III as time-barred under MCR 2.116(C)(7). Further, defendants argued, even if plaintiff's invasion of privacy claim was not time-barred, she failed to state a claim upon which relief could be granted because she did not allege the necessary elements of that tort, which appeared to be based on a claim that defendants intruded on her seclusion or solitude. Thus, summary disposition under MCR 2.116(C)(8) was also proper with regard to Count III.

Plaintiff filed a response to defendants' motion, arguing that although the limitations period was three years with regard to Counts I and II—which raised claims under the CRA— those claims accrued on the day she was fired, and thus, were timely. That is, it was only when

she was terminated that she suffered "an adverse employment action" giving rise to an employment discrimination case. Further, while the three-year statute of limitations also applied to her invasion of privacy claim, plaintiff argued that her superiors continually denied her allegations that she was being surveilled and, until the day she was terminated, "she could not make a good faith claim of invasion of privacy nor should she as she remained employed despite the nefarious efforts of the Defendant's employees." Thus, according to plaintiff, this claim also accrued on the day she was terminated because that was the day on which she determined that her claims of unlawful intrusion "most likely were valid, based on the fact that she was terminated, in part, for raising such questions in the first place." With regard to defendants' failure-to-state-a-claim argument, plaintiff contended that defendants misstated the elements of the tort, and that she did state a claim under the correct elements. Accordingly, plaintiff argued that defendants were not entitled to summary disposition of her claims.

In their reply brief, defendants agreed with plaintiff that her claim of retaliatory discharge for asserting her rights under the CRA was not barred by the limitation period; however, defendants argued, her related retaliation, hostile work environment, and invasion of privacy claims were time-barred. Further, plaintiff's invasion of privacy claim must be dismissed for failure to state a claim because she did not identify any private information obtained by defendants, even if there was surveillance.

On December 19, 2017, the trial court heard oral arguments on defendants' motion and the parties argued consistent with their briefs. In ruling on the motion, the trial court stated that it was focused solely on the allegations made in the complaint. However, the court also noted that, while there might be evidence of conduct that itself would not support a claim because the claim would be time-barred, that same evidence could still be admissible to support a claim that a subsequent adverse employment decision, like a termination, was retaliatory. The court then ruled that—as the parties agreed—Count I should not be dismissed. The court also concluded that Count II, the hostile work environment claim, was well-pled and should not be dismissed. And the court concluded that discovery should be allowed to proceed as to Count III, the invasion of privacy claim, which stated a cause of action. The court proceeded to dismiss Counts IV, V, VI, and VII, but kept Count VIII, the damages claim, in the case. Thereafter, an order was entered granting in part, and denying in part, defendants' motion for summary disposition. Defendants then filed an application for leave to appeal with this Court, which was granted, limited to the issues raised in the application and supporting brief. *Green v Lansing Automakers Federal Credit Union*, unpublished order of the Court of Appeals, entered August 14, 2018 (Docket No. 342373).

Defendants first argue that plaintiff's claims of retaliation, hostile work environment, and invasion of privacy, Counts I, II, and III, were time-barred with the exception of the portion of Count I alleging that her termination was an action of retaliation; thus, the trial court erred in denying their motion for summary disposition of these claims. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred by the statute of limitations. *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). In considering a motion under MCR 2.116(C)(7), this Court reviews all documentary evidence and accepts the complaint as factually

accurate unless specifically contradicted by the documentation. *Id*. (citation omitted). If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the Court. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

Summary disposition is appropriate under MCR 2.116(C)(8) when the nonmoving party has failed to state a claim upon which relief can be granted. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint, and therefore, this Court must base its decision on the pleadings alone. *Id*. All well-pleaded allegations must be accepted as true and construed in a light most favorable to the nonmoving party. *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012). The motion may be granted only when the allegations are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992), mod by *Patterson v Kleiman*, 447 Mich 429, 433-435 (1994).

Count I of plaintiff's complaint alleges a claim of retaliation in violation of the CRA, MCL 37.2701(a), arising from her complaints of gender discrimination. "To establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff, and (4) that there was a causal connection between the protected activity and the adverse employment action." *Major v Village of Newberry*, 316 Mich App 527, 552-553; 892 NW2d 402 (2016) (quotation marks and citations omitted). The parties agree that the three-year statute of limitations found in MCL 600.5805(10) applies to this claim, and are correct to do so.[1] See *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 277-282; 696 NW2d 646 (2005), amended on other grounds 473 Mich 1205 (2005). And our Supreme Court noted, quoting MCL 600.5827, that because a claim accrues at the time the wrong was done— regardless of when the damage results—a retaliation claim must be commenced "within three years of *each adverse employment act* by a defendant." *Id*. at 282 (emphasis added).

Count I of plaintiff's complaint does not solely set forth a retaliatory discharge claim; rather, it also alleges other acts of retaliation, including: (1) "authorizing continued harassment by" certain employees, (2) authorizing the surveillance program, and (3) plaintiff's August 11, 2014 suspension. Given that plaintiff's complaint was filed on September 8, 2017, the complaint was clearly timely with regard to the termination of plaintiff's employment. Defendants conceded as much below. Thus, the trial court properly refused to dismiss it. But, as defendants argued, to the extent that plaintiff intends to seek damages for the other alleged acts of retaliation, her claims are time-barred. All of these acts occurred prior to September 8, 2014, the date that is three years prior to the filing of plaintiff's complaint. As such, plaintiff is barred from recovering for these specific acts of retaliation. See *Garg*, 472 Mich at 282. Thus, the only potentially actionable retaliation claim is that plaintiff was fired in retaliation for reporting acts

---

[1] The Legislature recently amended MCL 600.5805, designating subpart (10) now as subpart (2). See 2018 PA 183, effective June 12, 2018.

of gender discrimination. However, the trial court correctly held that evidence of conduct leading up to the purported retaliatory discharge may very well be admissible as background evidence to support plaintiff's timely claim, even though plaintiff "cannot *recover* for any injury suffered as a result of a prior act occurring outside the limitations period." See *Campbell v Dep't of Human Servs*, 286 Mich App 230, 238; 780 NW2d 586 (2009).

Count II of plaintiff's complaint alleges a hostile work environment claim. "[A] hostile work environment claim is actionable when the work environment is so tainted that, in the totality of the circumstances, a reasonable person in the plaintiff's position would have perceived the conduct at issue as substantially interfering with employment or having the purpose or effect of creating an intimidating, hostile, or offensive employment environment." *Radtke v Everett*, 442 Mich 368, 372; 501 NW2d 155 (1993). There are five required elements to such a claim:

> (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of her protected status; (3) the employee was subjected to unwelcome conduct or communication involving her protected status; (4) the unwelcome conduct was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior. [*Quinto v Cross & Peters Co*, 451 Mich 358, 368-369; 547 NW2d 314 (1996) (brackets, ellipses, and citations omitted).]

Again, the parties agree that the 3-year limitations period applies to this claim. To be timely, a suit alleging the existence of a hostile work environment must be filed within three years of the last incident of discriminatory conduct. *Magee v DaimlerChrysler Corp*, 472 Mich 108, 113; 693 NW2d 166 (2005). In this case, all incidents of discriminatory conduct are alleged to have occurred *while* plaintiff was in the work environment, i.e., before plaintiff was suspended on August 11, 2014. For example, plaintiff's complaint states that "[t]hroughout the last two years of [her] employment" she "experienced continuous, ongoing, and repeatedly unwelcome discriminatory treatment[.]" Plaintiff's complaint further states that the "amount and frequency of discriminatory treatment at work faced by [plaintiff] constituted unlawful harassment as it was severe and pervasive." Plaintiff failed to allege any instances of conduct in support of this claim that occurred after September 8, 2014; thus, this claim is time-barred and the trial court erred in failing to dismiss it.

Count III of plaintiff's complaint alleges an invasion of privacy, unlawful intrusion claim. There are three elements to establish a prima facie case of invasion of privacy by intrusion upon seclusion: "(1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man." *Doe v Mills*, 212 Mich App 73, 88; 536 NW2d 824 (1995). The parties agree that the 3-year statute of limitations for personal injury suits also applies to this claim, and rightfully so. See MCL 600.5805(10); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 386; 689 NW2d 145 (2004). Again, a cause of action accrues when the wrong is done, regardless of when injury results. MCL 600.5827. In the context of an invasion of privacy claim, "the wrong is done when the curtain of privacy is lifted." *Arent v Hatch*, 133 Mich App 700, 705; 349 NW2d 536 (1984) (quotation marks, brackets, and citation omitted). Again, all of the acts complained of in plaintiff's

complaint occurred before plaintiff was suspended from her position in August 2014. That is, plaintiff alleged that surveillance equipment was installed on her phone, computer, in the workplace, and in the public bathroom before she was suspended. Accordingly, all of the allegedly wrongful acts occurred before September 8, 2014; therefore, this claim is time-barred and the trial court erred in failing to dismiss it.

We note and reject plaintiff's argument that she could not confirm her suspicions that her privacy was being invaded until she was discharged, and thus, her claim accrued on the date of her termination. Plaintiff's argument seems to be a veiled attempt at arguing for a sort of discovery rule; she contends that her claims accrued not when the acts occurred, but rather, when she decided that what was occurring warranted action. This state has, for some time, refused to apply any sort of discovery rule to a statute of limitations unless the statute itself provides for such a rule. See *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 388-392; 738 NW2d 664 (2007). Plaintiff cites no statute that would support her discovery, or "confirmation of belief," rule of tolling the statute of limitations.

Defendants also argue that the trial court erred when it denied their motion for summary disposition of plaintiff's invasion of privacy claim on the ground that she failed to state a claim upon which relief could be granted. In light of our conclusion that plaintiff's invasion of privacy claim is time-barred, we need not consider this alternative argument because it is moot. See *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016) ("This Court does not decide moot issues.").

In summary, the trial court properly denied defendants' motion for summary disposition of that portion of Count I of plaintiff's complaint alleging that her termination was an action of retaliation for her complaints of gender discrimination. However, the trial court erred in denying defendants' motion as to other alleged acts of retaliation set forth in Count I for which plaintiff sought damages because those claims are time-barred. Counts II and III are also time-barred; therefore, the trial court erred in denying defendants' motion for summary disposition of those claims.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien