John W. JORDAN, Phylis Jordan, Victoria T. Cicek, Carmen Tarantino, Josephine R. Tarantino, Casimir J. Choromanski, Beatrice A. Choromanski, James A. Choromanski, David R. Fratcher, Mary Fratcher, James Fratcher, Mary Ann Fratcher, Thomas L. Meros, Plaintiffs,

v.

Patrick R. ROCCO, William Carney, William F. Kapel, City of Euclid, Ohio, Defendants.

No. C85–1174.

United States District Court, N.D. Ohio, E.D.

Nov. 26, 1986.

Ford L. Noble, Cleveland, Ohio, for plaintiffs.

Paul D. Edlund, Davis & Young, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KRENZLER, District Judge.

The plaintiffs in this action seek damages stemming from their prosecutions under an ordinance later found to be unconstitutional. The ordinance concerned restrictions on the placement of political signs on private property and was struck down as an impermissible interference with First Amendment rights. Pending before the Court is the defendants' motion for summary judgment based upon the statute of limitations. After consideration of the relevant legal standards and the briefs of the parties, the Court finds the motion to be well taken.

The instant action was filed on April 22, 1985. In October of 1983, the plaintiffs erected their political signs and were issued citations under the unconstitutional ordinance for doing so. In November of 1983, the Euclid Municipal Court upheld the constitutionality of the ordinance at the time of the criminal prosecutions of the plaintiffs. On August 15, 1984, this Court found the ordinance to be unconstitutional, and on October 9, 1984, the Eighth District Court of Appeals for Ohio found the ordinance unconstitutional when it reviewed the actions of the Euclid Municipal Court.

On April 2, 1985, the Ohio Supreme Court declined to review the Eighth District's decision, and on October 7, 1985, the United States Supreme Court did the same. Meanwhile, on October 21, 1985, the Sixth Circuit Court of Appeals vacated this Court's order of August 15, 1984 on mootness grounds.

■ In their briefs, all parties agree that the statute of limitations in this action brought under 42 U.S.C. § 1983 is one year, and the Court concurs. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 938, 85 L.Ed.2d 254 (1985), and *Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985). The only question left for the Court is when the cause of action accrued.

The defendants argue in their motion that the cause of action accrued on or about October 26, 1983, the date of the citations for violation of the ordinance. The plaintiffs respond that the enforcement of the ordinance was a continuing violation of the plaintiffs' First Amendment rights of expression until the date that it was definitively found unconstitutional and that their cause of action did not begin to run until that time. Whether, under the plaintiffs' theory, the cause would begin to run at the time of this Court's order, the Eighth District's order, the Ohio Supreme Court's order, or the United States Supreme Court's order is irrelevant since all of those dates fall within one year of the filing date of the instant action. The real question is whether the "continuing wrong" exception to the statute of limita-

tions applies. *Gordon v. City of Warren,* 579 F.2d 386 (6th Cir.1978).

In *Gordon,* upon which the plaintiffs place total reliance, the plaintiffs were land developers who challenged an ordinance which prohibited the erection of any building within 200 feet of a proposed right-of-way. When it was discovered that the developers were building a structure in violation of the ordinance, the City planning commission issued a stop order and ordered the partially constructed buildings dismantled. When the developers refused to do so, the City obtained an injunction directing the removal of the buildings. On the appeal of the granting of the injunction, the state appeals court found the ordinance unconstitutional under the takings clause. The state supreme court later affirmed that decision.

When the developers brought an action for their damages resulting from the enforcement of the unconstitutional ordinance, the City countered that their cause of action accrued at the time the City planning commission issued its stop work order and that the statute of limitations on their claim had therefore run. Addressing that claim, the Sixth Circuit found that the City had engaged in a continuing wrong by seeking the injunction and fighting the appeals of that injunction. The Circuit Court found that the cause of action did not accrue until the constitutionality of the ordinance was once and for all rejected by the state supreme court.

The facts in the instant action are distinguishable from those in *Gordon.* While the City of Euclid continued to maintain the validity of the statute, including through the prosecution of appeals, there was no continuing wrong with regard to the instant plaintiffs. In *Gordon,* throughout the appeals process, the city refused to lift its stop work order and continued to deny the developers the right to use their property. Here, the plaintiffs were arrested, convicted, fined and discharged. There was no ongoing relationship between the City of Euclid and the instant plaintiffs; there was no continuing violation.

Because the subject of "equitable tolling" of a statute of limitations and "when a cause of action accrues" together with the term "continuing violations" have been repeatedly applied in many cases, this Court believes it is necessary to have a further discussion on these subjects.

In every civil cause of action, there is a statute of limitations. This means that a lawsuit may not be brought after a certain date or, stated another way, a lawsuit must be brought before a certain date.

The running of statutes of limitations may be extended for a period of time. These extensions are exceptions to the normal rules for the running of statutes of limitations.

Two methods commonly employed by the courts to extend statutes of limitations are the so-called "equitable tolling of the running of a statute of limitations" or a "delay" in the time in which the "cause of action accrues." Whichever method is used, there is a resultant extension of the final date upon which a civil cause of action may be filed under the same facts and circumstances.

For various equitable reasons, courts will permit a delay in the filing of a civil action under one of these theories.

One of the exceptions to the normal running of a statute of limitations for a specific civil cause of action occurs when there is a "continuing fault" or "continuing violation." Not all "continuing faults" or "continuing violations" result in an extension of time for filing a lawsuit.

We are faced with such a situation in the present case, and we are called upon to determine whether there was a "tolling of the statute of limitations" or a "delayed accrual of the cause of action" under the facts and circumstances in this case.

The plaintiffs are attempting to have *Gordon v. City of Warren, supra,* apply

under any and all circumstances where an ordinance is declared unconstitutional. This is not a logical extension of the *Gordon v. City of Warren* case.

The citizens of the City of Euclid fell into at least four categories in regard to the application of the ordinance at issue:

(1) There are those who did not know about the ordinance.

(2) There are those who knew about the ordinance and did not want to violate the ordinance because they did not want to be faced with a criminal charge.

(3) There are those who placed political lawn signs in their yards and were arrested, charged and found guilty, but did not challenge the validity of the ordinance.

(4) There are those who violated the ordinance, were charged and found guilty, and attacked the validity and constitutionality of the ordinance. Those who attacked the ordinance did so on the basis that the ordinance was unconstitutional and that it violated their First Amendment right to free speech.

Those persons attacking the constitutionality of the ordinance did so in two places. First, the criminal convictions were attacked in state court, where it was determined that the ordinance was unconstitutional. Second, the ordinance was attacked both in a declaratory judgment action and a 42 U.S.C. § 1983 action in federal court.

The defendant City argues that the cause of action accrued when the person was arrested and, therefore, the statute of limitations has run. The plaintiffs contend that the one-year statute of limitations began to run after the courts determined that the ordinance was unconstitutional. They rely on *Gordon v. City of Warren.*

However, *Gordon* is clearly distinguishable from the present case. In *Gordon,* from the very beginning, there was a contest between the City of Warren and Gordon. *Gordon* immediately began the battle in state court. The strategy of *Gordon* was, first, to challenge the constitutionality of the ordinance in state court and, if successful, get a determination of unconstitutionality as to the ordinance and then bring a § 1983 action in federal court.

The Sixth Circuit, in *Gordon v. City of Warren,* held that the cause of action accrued when the Michigan courts determined the ordinance unconstitutional. It is this straightforward language that the plaintiffs are relying upon. However, it is not that simple. While the Sixth Circuit did not explain, in detail, the underlying rationale for its decision, it is implicit what the basis of its decision was. Gordon had the option of either challenging the validity of the ordinance and to maintain a § 1983 action in one case in state court, or to use or take a two-step process of first challenging the constitutionality of the ordinance in state court and, if successful, bring a § 1983 action in federal court.

Obviously, if Gordon had pursued the first option available to him, he may not have had the statute of limitations' problems. By taking a second course of action and going into state court first to get the determination, he ran into the statute of limitations' problem. If the Sixth Circuit had not reached the decision it did, Gordon would have been precluded from maintaining the § 1983 action. The normal time for filing a § 1983 action had expired by the time there was a determination of unconstitutionality of the ordinance in state court. Therefore, it was necessary for the Sixth Circuit to fashion a remedy, on an equitable basis, in order to afford Gordon the opportunity to maintain the § 1983 action.

The Sixth Circuit could have allowed an "equitable tolling of the statute of limitations" while Gordon and the City of Warren were in combat. On the other hand, it could have held that there was a "delay in the accrual of the cause of action," which it did. Either one of the foregoing theories produced the same result.

It is noted that under the facts in *Gordon v. City of Warren,* there was a con-

tinuing battle by Gordon against the City of Warren and continuing opposition by the City of Warren against Gordon. Gordon did not idly stand by and wait for someone else to challenge the validity of the ordinance or wait for that ordinance to be declared unconstitutional before he brought his action. The concept of either "tolling of the running of the statute of limitations" or "delayed accrual of the cause of action" will only be permitted under certain circumstances. The plaintiff is proposing that the Court's ruling in *Gordon v. City of Warren* means that anytime a criminal ordinance is declared unconstitutional, the cause of action accrues to any and all persons who were ever convicted of that ordinance.

If the plaintiffs' arguments are adopted, it could be extended to mean that all persons who were ever arrested, charged and convicted and who never challenged the constitutionality of an ordinance could challenge it within one year of the time it was declared unconstitutional. This would mean that all residents of Euclid could maintain a § 1983 action on a variety of theories because the ordinance violated their constitutional rights, either because they violated the ordinance and were arrested or because they did not put up signs because of the "chilling" effect on them.

▮ It is obvious to this Court that the general, broad language in *Gordon v. City of Warren* was never intended to apply to all persons whose constitutional rights were technically violated by the ordinance. A more sensible holding would be that, in order to take advantage of either the "equitable tolling of a statute of limitations" or a "delayed accrual of a cause of action"

when there is an alleged "continuing fault" or "continuing violation," two things are necessary. First, the citizen challenging the validity or constitutionality of the ordinance must be diligent and vigilant in pursuing his or her remedies against the validity of the ordinance. Second, the governmental agency must continuously oppose the individual and enforce the ordinance. This "continuing controversy" with both sides taking differing views forms the basis of a continuing wrong or a continuing violation.

In other words, to take advantage of either the "tolling of the statute of limitations" or a "delayed accrual of a cause of action," one cannot be passive and then try to get a "free ride" from the work of others.

For the foregoing reasons, the defendants' motion for summary judgment is granted. The plaintiffs' cause of action accrued at the time of the arrest in October or conviction in November of 1983. Accordingly, the action filed in April of 1985 was filed outside the statute of limitations. Judgment is entered for the defendants.

IT IS SO ORDERED.