818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David W. WARE, Plaintiff-Appellant,
v.
LAWYERS TITLE INSURANCE CORPORATION; G. T. Wilson, Jr.;
Buchart-Horn Inc., Defendant-Appellees.
 No. 86-2139.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided May 6, 1987.
 
 Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Robert Clayton Fitzgerald (Fitzgerald & Smith, P.C., on brief), for appellant.
 Gregory Neil Stillman (Laura C. Rublee; Hunton & Williams, on brief), J. Hume Taylor (John Franklin, III; Taylor, Walker & Adams, P.C., on brief), for appellees.
 PER CURIAM:
 
 
 1
 David W. Ware appeals from the district court's dismissal of his 42 U.S.C. Sec.l983 action against James City County (Virginia), the County's Board of Supervisors, Alvin P. Anderson, Buchart-Horn, Inc., G. T. Wilson, Jr., and Lawyers Title Insurance Corporation. We affirm.
 
 
 2
 The dispute began when James City County purchased a tract of land adjacent to one owned by Ware. The County recorded the deed to its tract on March 5, 1982. Prior to the County's purchase, Wilson, who worked as a surveyor for Buchart-Horn, surveyed the County's tract and Lawyers Title issued a title insurance policy on it. After the purchase, however, Ware claimed ownership to part of the land and, in an attempt to regain possession of and establish ownership to the disputed property, he filed suit against the County in Virginia state court in January 1984. In January 1986, a jury found that Ware owned twenty-seven acres of the disputed property. Ware then filed this SS 1983 action in April 1986, alleging that the defendants deprived him of his property without due process or just compensation.
 
 
 3
 As noted, the district court dismissed Ware's claim against each defendant. The court dismissed his claim against Lawyers Title because it found that Lawyers Title was not acting under color of state law when it issued the title insurance policy to the County. See Adickes v. S.H. Kress and Co,, 398 U.S. 144, 150 (1970). Ware contends that the district court erred because "[i]t is now settled that private persons who willfully participate in joint action with a state official act under the color of law within the meaning of SS 1983." Scott v. Greenville County, 716 F.2d 1409, 1422 (4th Cir. 1983) (quoting Black v. Baver, 672 F.2d 309, 318 (3d Cir.), cert. denied, 459 U.S. 916 (1982)). In his complaint, Ware alleges that Lawyers Title: (1) knew, or should have known if it exercised reasonable diligence, that the property conveyed to the County belonged to Ware; (2) knew the property would not be conveyed to the County unless it issued a title insurance policy; (3) made a written commitment on January 16, 1982, to issue a title insurance policy on the property, knowing Ware owned a substantial portion of the property, and also knowing the County would rely on this commitment in purchasing the property; and (4) issued the County a title insurance policy on March 15, 1982.
 
 
 4
 Accepting these allegations as true, they demonstrate i that Lawyers Title might have been grossly negligent, or even intentionally malfeasant, when it issued the County a title insurance policy for the disputed tract of land. However, Lawyers Title could only be guilty of misconduct in its capacity as a private title insurance company, not under color of state law. Consequently, the district court properly dismissed Ware's claim against Lawyer's Title.
 
 
 5
 The district court dismissed Ware's claim against the remaining defendants[1] because it found that his cause of action accrued more than two years before he instituted this suit. His claim therefore was barred by Virginia's two-year statute of limitations on personal injury actions. Va. Code Sec.8.01-243(A) (1986).[2]
 
 
 6
 Ware first,argues that his Sec. 1983 claim did not accrue until December 1984 (and was thus filed within the two-year limitation period) because it was then that he first learned of Buchart-Horn's and Wilson's alleged wrongful acts. We find no merit to thi,s contention. Any lack of knowledge on Ware's behalf was due solely to his own lack of diligence.
 
 
 7
 Ware also argues that the actions of Buchart-Horn and Wilson amounted to a "continuous wrong" from March 1982 (when the County recorded the deed) until January 1986 (when twenty-seven acres of the disputed land were returned to Ware). He urges that this "continuous wrong" tolled the running of the limitations period until January 1986. See Gordon v. City of Warren, 579 F.2d 386, 391-92 (6th Cir. 1978). This argument, however, is not persuasive. In Ocean Acres Limited Partnership v. Dare County Board of Health. 707 F.2d 103 (4th Cir. 1983), we stated that "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Id. at 106 (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)). Although Ware may have been adversely affected by the County's unlawful possession of his property, any subsequent ill effects cannot be characterized as continuing wrongs. Consequently, Ware's claim is barred by the applicable two-year statute of limitations.
 
 
 8
 In view of the foregoing, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Other than Lawyers Title, the only defendants still involved in this appeal are Buchart-Horn, Inc., and G. T. Wilson, Jr. Initially, the appeal also included James City County, the County's Board of Supervisors and Alvin P. Anderson (the County's agent). The dispute between Ware and these appellees has been resolved, however, and they have been dismissed from the appeal
 
 
 [2]
 Section 8.01-243(A) provides in pertinent part:
 every action for personal injuries shall be brought within two years ... after the cause of action accrues.
 In Wilson v. Garcia, 105 S. Ct. 1938, 1945 (1985), the Supreme Court held that, or statute of limitations purposes, a Sec.1983 action was subject to the state limitations period for personal injury actions. In virginia, personal injury actions must be brought within two years after the cause of action accrues. Va. Code Sec.8.01-243(A). However, while state law determines the applicable limitations period, it is federal law that determines when the limitations period begins to run. See Bireline v. Seaoondollar, 567 F.2d 260, 263 (4th Cir. 1977), cert. denied, 444 U.S. 842 (1979). The federal rule is that a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id.