81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James M. SAATHOFF, Plaintiff-Appellant,
v.
E. John WHELAN; Charles Hulbert, Defendants-Appellees.
 No. 94-16993.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1996.
Decided March 21, 1996.
 
 Before: CHOY, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Saathoff appeals a grant of summary judgment in favor of defendants. Saathoff alleges the defendants, California state employees, conspired to violate his civil rights when the state exercised its power of eminent domain to take property in which Saathoff claimed a life estate. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * There have been six previous state court actions regarding the land at issue.
 
 
 4
 In 1977, the state of California filed eminent domain proceedings to acquire land from Emmett Zippe, the record owner. Zippe conveyed the land to the state in 1978. The state did not name Saathoff as a party in the eminent domain proceeding.
 
 
 5
 Saathoff claimed that he and Zippe reached an oral agreement under which Zippe granted a life estate in portions of the condemned property to Saathoff. Saathoff claimed that he owned and occupied a mobile home on the land since 1975. The home was fixed to the land by a concrete foundation and rock skirting. When Saathoff refused to leave the property, the state instituted an unlawful detainer action against him. The state obtained a default judgment against Saathoff. The judgment was affirmed on appeal. The petition for review was denied on April 16, 1986 by the California Supreme Court.
 
 
 6
 Saathoff then reentered the property. He was prosecuted and convicted under California Penal Code § 419 for repossession of lands after removal by legal process. The conviction was affirmed on appeal on August 3, 1989.
 
 
 7
 In March 1989, Saathoff filed an action in state court against the State of California. He alleged theories of trespass, conversion, slander of title, and "conspiracy against rights of citizens." The amended complaint dropped the "conspiracy against rights of citizens" cause of action, and added a cause of action for fraud and deceit. The trial court found Saathoff's causes of action barred by the statute of limitations. Saathoff's appeal to the California Court of Appeals was dismissed on procedural grounds on August 27, 1990.
 
 
 8
 In January 1990, Saathoff filed another action against the State of California, seeking to quiet title to the property. The State moved for summary judgment, asserting the defenses of laches and res judicata, and arguing that it was a bona fide purchaser of the land. Judgment for the State was entered on January 24, 1991. Saathoff did not appeal.
 
 
 9
 On April 22, 1991, Saathoff filed still another state court action, for inverse condemnation, against the State of California. The trial court dismissed the complaint on res judicata grounds. The California Court of Appeals affirmed, agreeing that Saathoff's cause of action was barred by res judicata. The petition for review was denied on February 17, 1993.
 
 
 10
 On February 14, 1994, Saathoff filed this civil rights action in the federal district court alleging that defendants entered a conspiracy in violation of 42 U.S.C. §§ 1983, 1985 and 1986. Defendants' alleged purpose of the conspiracy was to take Saathoff's property without compensation or due process.
 
 
 11
 The district court granted summary judgment in favor of defendants after determining that Saathoff's action was barred by the statutes of limitations and res judicata.
 
 II
 
 12
 We review the grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We review de novo the district court's dismissal on statute of limitations grounds. Washington v. Garrett, 10 F.3d 1421, 1429 (9th Cir.1993).
 
 A.
 
 13
 We agree with the district court that Saathoff's claims are barred by the statutes of limitations. All of Saathoff's causes of action are subject to one year statutes of limitations. McDougal v. County of Imperial, 942 F.2d 668, 672, 673-74 (9th Cir.1991) (§ 1983 and 1985 claims); 42 U.S.C. § 1986.
 
 
 14
 For statute of limitations purposes, Saathoff's causes of action follow the "last overt act doctrine." Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). "Under this doctrine, injury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy." Id. (citation and internal quotation marks omitted).
 
 
 15
 Any "conspiracy of silence" on defendants' part does not constitute an overt act in furtherance of the conspiracy. Under the allegations of Saathoff's complaint, defendants' last overt acts in furtherance of the conspiracy occurred, at the latest, when the last of the legal actions initiated by the defendants was final.
 
 
 16
 Saathoff argues that defendants' participation in their own defense of the state court actions constitutes an overt act in furtherance of the conspiracy to deprive Saathoff of his rights. See Gordon v. City of Warren, 579 F.2d 386, 391-92 (6th Cir.1978). Even if we accept this reasoning, it would apply only to the actions that defendants initiated: the eminent domain proceeding, the unlawful detainer action, and the criminal prosecution. The last of these proceedings was final on August 3, 1989. Once these actions were final, defendants' alleged conspiracy--to take Saathoff's land--was complete. Saathoff cannot manipulate the statute of limitations by initiating another suit against defendants, and then accusing them of committing overt acts in furtherance of their original conspiracy when they defend against it.
 
 
 17
 We reject Saathoff's argument that the statutes of limitations did not begin to run until he lost the appeal on his inverse condemnation proceeding on February 17, 1993. Saathoff asserts that the state did not finally deny compensation until he lost the inverse condemnation suit. He cites Williamson Regional Plan. Comm'n v. Hamilton Bank, 473 U.S. 172 (1985) and Sinaloa Lake Owners Ass'n v. Simi Valley, 882 F.2d 1398 (1989), cert. denied, 494 U.S. 1016 (1990) for the proposition that a constitutional taking injury does not occur "until and unless the state denies compensation." Neither of the cases Saathoff relies upon involve statute of limitations issues. Williamson and Sinaloa hold that a constitutional taking claim is not ripe until the property owner has applied for and been denied just compensation. The cases do not say that the statute of limitations cannot begin to run until plaintiff has brought and lost an inverse condemnation proceeding. Under Saathoff's theory, a plaintiff could sit on his rights for years, bring an inverse condemnation proceeding, lose (probably on statute of limitations grounds), and restart the statutes of limitations for all constitutional claims. We refuse to create such a rule.
 
 B.
 
 18
 Saathoff argues that the statutes of limitations on his federal claims were equitably tolled while he pursued his state claims. California tolling provisions govern the § 1983 and § 1985 claims. Donoghue v. Orange County, 848 F.2d 926, 930 (9th Cir.1987). Federal tolling provisions govern the § 1986 claim. Id. at n. 3.
 
 
 19
 We do not have to reach the merits of Saathoff's equitable tolling argument, however. Even if equitable tolling applies to the time when Saathoff was pursuing his state claims, his federal claims still are barred by the applicable statutes of limitations.
 
 
 20
 Equitable tolling only suspends the running of the statutes of limitations, it does not restart the clock. Benge v. United States, 17 F.3d 1286, 1288 (10th Cir.1994) (federal tolling); see also Rare Coin Galleries v. A-Mark Coin Co., 248 Cal.Rptr. 341, 345 (Cal.Ct.App.1988) (applying California tolling principles). Saathoff's federal causes of action accrued, at the latest, on August 3, 1989, when the last of the defendant-initiated actions was final. The statutes of limitations arguably were tolled until the clerk of the Superior Court entered judgment on Saathoff's quiet title action on January 24, 1991. The statutes of limitations then began to run and 88 days elapsed before Saathoff filed his inverse condemnation suit on April 22, 1991. Assuming the statutes of limitations were tolled by the inverse condemnation suit, they were tolled only until Saathoff's petition for review was denied on February 17, 1993. After the petition for rehearing was denied, 362 more days elapsed before Saathoff filed this suit on February 14, 1994. Adding the 88 days and 362 days when the statutes of limitations unquestionably were not tolled leads to the conclusion that Saathoff's claims are barred by the statutes of limitations.
 
 III
 
 21
 Saathoff also argues that the district court erred in denying his motion for default when defendants failed to file a timely answer to Saathoff's complaint. Saathoff argues that we should review the decision de novo. We disagree. We review for abuse of discretion. See O'Connor v. State of Nevada, 27 F.3d 357, 362 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995).
 
 
 22
 Federal Rule of Civil Procedure Rule 55 states that the clerk shall enter default when a party fails to defend under the rules. Defendants moved to dismiss, and the motion was granted in part and denied in part. Defendants subsequently failed to file a timely answer, and Saathoff moved for default. Saathoff argues that rather than immediately entering default, the clerk held the motion until defendants filed their answer five days later. The court then denied the motion for default.
 
 
 23
 Entry of default and default judgments are generally disfavored, and doubts should be resolved against the party seeking default. Id. The district court has broad discretion to set aside an entry of default. Id. The court, here, properly declined to enter default in the first place.
 
 IV
 
 24
 Because we find Saathoff's claims barred on statute of limitations grounds, we do not address defendants' res judicata defense.
 
 
 25
 The district court's grant of summary judgment in favor of defendants is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3