*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0052P (6th Cir.)
File Name: 03a0052p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

STANLEY TRZEBUCKOWSKI;
LECUE, INC.,
　　　*Plaintiffs-Appellants,*

　　　　　*v.*

CITY OF CLEVELAND; LAUREN
C. MOORE,
　　　*Defendants-Appellees.*

No. 01-3509

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 00-01585—Lesley Brooks Wells, District Judge.

Argued: September 19, 2002

Decided and Filed: February 14, 2003

Before: GUY, SILER, and BATCHELDER, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** Terry H. Gilbert, FRIEDMAN & GILBERT,
Cleveland, Ohio, for Appellants. Thomas L. Anastos, CITY
OF CLEVELAND LAW DEPARTMENT, OFFICE OF
DIRECTOR OF LAW, Cleveland, Ohio, for Appellees.

1

**ON BRIEF:** Terry H. Gilbert, FRIEDMAN & GILBERT, Cleveland, Ohio, for Appellants. Keith Hansbrough, CITY OF CLEVELAND LAW DEPARTMENT, OFFICE OF DIRECTOR OF LAW, Cleveland, Ohio, for Appellees.

————————————

## OPINION

————————————

SILER, Circuit Judge. Plaintiffs LeCue, Inc. ("LeCue") and Stanley Trzebuckowski appeal the district court's dismissal of their complaint as barred by the applicable statute of limitations. For the reasons that follow, we **AFFIRM** the district court's judgment.

## BACKGROUND

Trzebuckowski was the sole shareholder and manager of LeCue, a billiard hall located in Cleveland that did not serve alcohol. On March 12, 1995, Trzebuckowski was cited with five violations of Cleveland Municipal Code § 688.13, which prohibits any "owner, operator, agent or keeper of a billiard room" from permitting minors under the age of eighteen to remain on the premises. LeCue, a for-profit billiard hall, was cited but none of the city-operated billiard facilities was cited for violating this ordinance.

On June 7, 1995, Trzebuckowski filed a motion to dismiss the charges in the Cleveland Municipal Court on the grounds that the ordinance was unconstitutional as applied. The court granted Trzebuckowski's motion to dismiss on June 22, but the judgment entry of the court was not journalized until September 12, 1995. For purposes of this litigation, the parties have agreed that September 12, 1995 reflects the date of the municipal court decision.

On August 28, 1995, the City of Cleveland ("City") filed an appeal from the decision of the trial court, fifteen days before the court's judgment was journalized. On August 15, 1996,

the Ohio Court of Appeals reversed the legal interpretation of the trial court, finding the ordinance to be constitutional. Trzebuckowski appealed the decision to the Ohio Supreme Court. On June 2, 1999, the Ohio Supreme Court reinstated the legal interpretation of the trial court, holding that the prosecutor's enforcement of the Cleveland ordinance against privately owned, for-profit billiard rooms and not against the city-owned, public recreation centers violated Trzebuckowski's equal protection rights guaranteed by the United States and Ohio Constitutions.

On May 31, 2000, Trzebuckowski filed a federal complaint against the City and Chief Prosecutor Lauren Moore under 42 U.S.C. § 1983 for alleged violations of various federal and state rights, including denial of due process and equal protection of the law. Trzebuckowski claimed that as a result of the selective prosecution by the City, LeCue was forced to go out of business in 1998. As a consequence, Trzebuckowski suffered substantial damages including, but not limited to, loss of earnings, loss of reputation, and emotional distress. The suit was filed in the Court of Common Pleas of Cuyahoga County, but it was subsequently removed to the United States District Court.

The City filed a motion to dismiss, arguing that Trzebuckowski failed to file his complaint within the applicable statute of limitations period. The district court granted the City's motion, finding no basis to toll the applicable two-year statute of limitations.

### STANDARD OF REVIEW

We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim upon which relief can be granted. *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). In considering a motion to dismiss pursuant to Rule 12(b)(6), we must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the appellant can

prove no set of facts in support of his claims that would entitle him to relief. *Nieman v. Nilo*, 108 F.3d 1546, 1548 (6th Cir. 1997). Dismissal of the complaint is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### DISCUSSION

As a preliminary matter, we note that Trzebuckowski appeals the dismissal of an equal protection claim under the Ohio Constitution and state causes of action for intentional infliction of emotional distress, loss of reputation, loss of liberty, and loss of earnings in addition to his federal § 1983 claim. According to the district court's order, Trzebuckowski objected only to the magistrate judge's recommendation that the §1983 equal protection claim be dismissed. He made no objection to the dismissal of the remainder of his claims. As a consequence, his state law claims are waived on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute. *Owens v. Okure*, 488 U.S. 235, 249-50 (1998). The parties agree that a two-year statute of limitations, O.R.C. § 2305.10, applies to actions brought under 42 U.S.C. § 1983 in Ohio. *See Brown v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (providing a two-year statute of limitations is appropriate for §1983 claims in Ohio). Therefore, the only question before us is when Trzebuckowski's cause of action accrued under federal law.

The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *See Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). In determining when the cause of action accrues in §1983 cases, we look to the event

*McCune v. City of Grand Rapids*, 842 F.2d 903 (6th Cir. 1988).

The wrong to Trzebuckowski was the initial discriminatory prosecution under the ordinance. After charges against Trzebuckowski were dismissed, the City appealed the constitutional issues in the case but made no attempt to enforce the ordinance against him. The fact that he believed the possibility of enforcement existed as a result of the state appellate decision is the ill effect of the earlier violation of his rights, not a new act or violation of his rights. Even if the City's act of filing the appeal on August 28, 1995 is deemed an "act" in further violation of Trzebuckowski's rights, Trzebuckowski still failed to file within two years of that date. Accordingly, his claim is time barred.

**AFFIRMED.**

court.  *Id.*  Following the supreme court ruling, the land developers brought a §1983 action.  *Id.*  The City filed a motion to dismiss on grounds that the applicable statute of limitations had expired.  *Id.* at 388.  This court ruled that by seeking an injunction, defending the appeals of that injunction, and maintaining a stop order against the land developers throughout the entire course of the litigation, the City engaged in continuing violations of the land developers' rights.  *Id.* at 391-92.  "The wrong," the court reasoned, "is the taking of the plaintiff's property, not the method in which it is taken. The wrong may be perpetuated by otherwise legal actions, such as appealing the court decision in this case." Accordingly, we held the statute of limitations did not accrue until the Michigan Supreme Court found the ordinance unconstitutional.  *Id.*

   Although a broad reading of *Gordon* superficially supports Trzebuckowski's argument, *Gordon* is distinguishable.  In *Gordon*, the City of Warren maintained its original stop order on construction throughout the entire appeals process.  In so doing, it effectively prevented the land developers from use of their land.  Not only did the City choose to pursue an appeal, it used its own internal procedures (a stop order) to interfere with the developer's rights.  In this case, however, the City of Cleveland did not attempt to enforce the ordinance against Trzebuckowski during the appeals process. The mere possibility that the City might choose to prosecute Trzebuckowski sometime in the future does not rise to the level of the stop order issued by the City of Warren in *Gordon*.

   Subsequent cases in this circuit and others have distinguished *Gordon* and further defined the subtle difference between a continuing violation and a continuing effect of a prior violation.  These cases hold that "the limitations periods begin to run in response to discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts."  *Dixon*, 928 F.2d at 216;  *see also Cowell v. Palmer Township*, 263 F.3d 286 (3d Cir. 2001);

that should have alerted the typical lay person to protect his or her rights.  *See Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). The City maintains that Trzebuckowski became aware of his §1983 claim for discriminatory enforcement on September 12, 1995 when the trial court dismissed the criminal charges on grounds that the ordinance was unconstitutional.  Trzebuckowski claims that the two-year statute of limitations accrued on June 2, 1999, the date that the Ohio Supreme Court reinstated the trial court's judgment and held the City's selective enforcement to be unconstitutional.

   Trzebuckowski advances two arguments for his position that the statute of limitations did not begin to run until June 2, 1999.  First, while he acknowledges that he had a valid §1983 claim when the trial court journalized the dismissal of the charges on September 12, 1995, he claims it was extinguished once the City decided to appeal.  Second, he contends that the City's continuing violation of his rights justifies tolling the applicable two-year statute of limitations.

   With respect to his first argument, Trzebuckowski asserts that if he had brought his suit within a year of the trial court's ruling, on or before September 12, 1997, it would have created the possibility of inconsistent decisions on the same issue between the same parties.  He reasons that because the federal court would not be able to render a decision without implying a resolution of the state case, his claim was extinguished when the City filed an appeal.  It was not until June 2, 1999, when the Supreme Court reinstated the judgment of the trial court, that he once again had a valid claim under §1983.

   We have previously held that when the outcome of a § 1983 action would conflict with the verdict in an underlying criminal proceeding, the accrual of the statute of limitations will be delayed beyond the time when a plaintiff has notice that his rights have been violated.  *See Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999) (citing *Heck v.*

*Humphrey*, 512 U.S. 477 (1994)).   In *Shamaeizadeh*, the plaintiff brought a § 1983 action seeking damages against state officials for an illegal search and seizure following the dismissal of criminal charges. *Id.* at 392.  At issue in the case was whether the statute of limitations for the § 1983 action accrued on the date of the illegal search, when Shamaeizadeh was on notice that his rights were violated, or on the date that this court affirmed the district court's dismissal of the charges against him.  *Id.*  We held that the statute of limitations accrued on the date that the charges were dismissed, reasoning that  "since. . .the only evidence that was introduced against Shamaeizadeh at trial was the evidence discovered in Shamaeizadeh's house during the allegedly illegal search, it would not have been possible, while the criminal proceedings were pending, to determine whether a decision on Shamaeizadeh's claim would imply the invalidity of his potential conviction without deciding issues common to the criminal action--i.e., whether the search was lawful." *Id*. at 398.  In other words, because a §1983 plaintiff must show that a decision in his favor will not imply the invalidity of an underlying charge or conviction, Shamaeizadeh could not have rightfully brought his § 1983 claim at any time prior to our decision to affirm the dismissal of the charges against him. *Id.*

Trzebuckowski does not face the same predicament discussed in *Shamaeizadeh*.  The charges against him were dismissed by the municipal court.  There was no underlying criminal proceeding during the course of the state appellate litigation that could have caused the federal court to render a decision in the § 1983 action in conflict with findings in a pending criminal matter.  Therefore, the statute of limitations on Trzebuckowski's § 1983 claim began to run on September 12, 1995, the date the municipal court dismissed the charges against him.

Trzebuckowski's second argument rests on a theory of "continuing violations" of his rights, which requires tolling of the limitations period.  As we explained in *Dixon*, "courts

view 'continuing violations' as falling within two categories of 'narrowly limited exceptions' to the usual rule that statutes of limitations. . .are triggered at the time the alleged discriminatory acts occurred." 928 F.2d at 216.  The first category of continuing violations, most applicable to this case, "arises where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation." *Id.*  This category requires that at least one of the forbidden discriminatory acts occurs within the relevant limitations period.  The second category of continuing violations arises where there "has occurred 'a longstanding and demonstrable policy of discrimination.'" *Id.* at 217.

Trzebuckowski alleges that the City's decision to appeal the judgment of the trial court prevented him from admitting minors to his billiard hall causing significant economic loss and the ultimate closing of his business.  The decision of the appeals court, he contends, forced him to choose between declining to admit minors or risking the possibility of future charges.  In other words, the City's decision to appeal prevented him from "full use" of his billiard hall, and, therefore, constitutes a continuing violation of his rights requiring equitable tolling of the statute of limitations.

To support  his claim, Trzebuckowski argues that *Gordon v. City of Warren*, 579 F.2d 386 (6th Cir. 1978), is dispositive of this case.  In *Gordon*, land developers challenged the constitutionality of a local ordinance which prohibited the erection of any building within 200 feet of a proposed right-of-way.  *Id.* at 387.  Upon discovering that the developers were in violation of this ordinance, the City of Warren issued a stop order on the development and demanded the partially constructed buildings be dismantled.  When it became apparent that the developers were not going to comply with the stop order, the City obtained an injunction directing the removal of the buildings. *Id.*  The developers later appealed to the Michigan Court of Appeals, which ruled that the ordinance was an unconstitutional taking. *Id.*  The Michigan Supreme Court ultimately affirmed the decision of the appeals