NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0240n.06
Filed: April 4, 2006

Nos. 05-3452/3453

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PAMELA H. LETT,                              )
                                             )
        Plaintiff-Appellant,                 )
                                             )
v.                                           )
                                             )   ON APPEAL FROM THE UNITED
ZARIFE SAHENK, M.D., PH.D.                   )   STATES DISTRICT COURT FOR
                                             )   THE SOUTHERN DISTRICT OF
        Defendant-Appellee.                  )   OHIO
                                             )
                                             )

Before: SILER, BATCHELDER and GIBBONS, Circuit Judges.

PER CURIAM. Plaintiff Pamela B. Lett sued defendant Dr. Zarife Sahenk pursuant to 42 U.S.C. § 1983, alleging that Sahenk violated her substantive due process rights by failing to obtain Lett's informed consent before performing a non-therapeutic sural nerve biopsy for a medical research study. On September 27, 2002, the district court denied Sahenk's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), finding that Lett filed the claim within the relevant statutory limitations period. Sahenk later filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). The court granted the motion on February 23, 2005, holding that Lett's allegations and evidence did not permit a finding that defendant had violated her constitutional rights, or in the alternative, that Sahenk was entitled to qualified immunity for her actions. The parties cross-appealed.

Sahenk alleges that the district court wrongly denied her motion to dismiss Lett's complaint.

We review a district court order denying a motion to dismiss de novo. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). The district court determined that Lett brought her § 1983 claim in federal court outside of the applicable two year limitations period set forth in Ohio Rev. Code § 2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc) (holding that § 2305.10 establishes the applicable limitations period in Ohio). However, the court determined that Lett's claim was covered by the Ohio savings statute, Ohio Rev. Code § 2305.19, which allows plaintiffs to refile claims within one year of the termination of a prior claim "otherwise than upon the merits." *See Harris v. City of Canton*, 725 F.2d 371, 375 (6th Cir. 1984) (citing *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 167 N.E.2d 774, 777 (Ohio 1960)), *rev'd on other grounds*, 489 U.S. 933 (1989). The district court held that Lett's prior state action against Sahenk and other defendants was sufficient to save the federal cause of action. Sahenk argues that this determination was incorrect.

Lett argues that the district court wrongly granted summary judgment for Sahenk on the merits of her claim. We review a district court's grant of summary judgment de novo. *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County*, 430 F.3d 783, 787 (6th Cir. 2005). Lett alleges that her § 1983 claim is valid because Sahenk's conduct violated Lett's substantive due process right to bodily integrity. The district court held that Lett failed to allege or produce evidence of conduct that "shocks the conscience" and that the cases cited by Lett as precedent were distinguishable from the facts of this case. Further, the court held that even if Lett had alleged such conduct, Sahenk would be entitled to qualified immunity for her actions because she did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

After reviewing the record, the parties' briefs and the applicable law, we determine that a panel opinion further addressing the issues raised would serve no jurisprudential purpose. Therefore, on the grounds identified by the district court, we affirm both the district court's September 27, 2002, denial of Sahenk's motion to dismiss Lett's complaint and its February 23, 2005, grant of summary judgment for Sahenk.

**AFFIRMED.**